Keith W. Heard (KH-8578)
Michael J. Walsh (MW-6578)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
(212) 354-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| CNAN GROUP S.P.A., <br><br> Plaintiff, <br><br> -against- <br><br> HASSAN ALI RICE EXPORT CO. d/b/a IGEN SEA SHIPPING, <br><br> Defendant. | JUDGE CROTTY <br><br> 08 CV 1201 <br><br> VERIFIED COMPLAINT |

Plaintiff, CNAN GROUP SPA (hereinafter "Plaintiff"), by its attorneys Burke & Parsons, as and for its Verified Complaint against defendant, HASSAN ALI RICE EXPORT CO. d/b/a IGEN SEA SHIPPING (hereinafter "Defendant"), alleges upon information and belief as follows:

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime charter party contract. This action also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

### THE PARTIES

2.   At all times relevant hereto, plaintiff CNAN Group S.p.a. was and still is a foreign corporation organized and existing under and by virtue of the laws of Algeria with an office and place of business at 2 Quai No. 09, Nouvelle Gare Maritime, Alger Port, BP 200, Algeria.

3. At all times relevant hereto, defendant Hassan Ali Rice Export Co. ("HAREC") was and still is a foreign sole proprietorship organized and existing under and by virtue of the laws of a foreign country with an office and place of business at Cotton Exchange Building, I.I. Chundrigar Road, Karachi, Pakistan.

4. At all times relevant hereto, Igen Sea Shipping ("Igen") was and still is simply a trade name under which HAREC conducts or has conducted some of its business. HAREC d/b/a Igen purportedly has an office located at Iftikar Chambers, Hasrat Mohani Road, Karachi, Pakistan.

## THE CLAIM

5. At all times relevant hereto, Plaintiff was the owner of the motor vessel "AIN OUSSERA" (hereinafter the "Vessel").

6. Pursuant to a charter dated November 7, 2005 on the GENCON 1994 form as amended (the "Charter"), Plaintiff, as owner, chartered the Vessel to Defendant, Igen Sea Shipping, as charterer. The charter was for one voyage from Pakistan to West Africa, loading at one safe port/one-two safe berth(s) Karachi, Pakistan, and discharging at one-three safe port(s) safe berth(s) Douala, Cameroon, to Dakar, Senegal range. The Vessel was chartered to carry a cargo of about 25,000 metric tons. of bagged rice, which was the Vessel's full load.

7. A dispute has arisen between the parties due to the failure of the Defendant to make timely payments of demurrage and damages for detention due and owing under the Charter.

8. Despite due demand, the Defendant has refused to make timely payment and the foregoing amounts remain unpaid and owing.

9. As a result of the Defendant's breaches of the Charter, Plaintiff has sustained damages in the total principal sum of $249,978.08 exclusive of interest, costs and attorneys fees.

10. Pursuant to Paragraph 25 of the Charter, all disputes arising thereunder are to be submitted to arbitration in London and are to be governed by English law.

11. Plaintiff has commenced arbitration against Defendant Igen Sea Shipping in accordance with the terms of the Charter.

12. In addition to an attachment in the full principal amount of the claim as outlined in Paragraph 10 above, Plaintiff also seeks an attachment over an additional sum to cover estimated interest as well as its anticipated attorneys' fees and costs, all of which are routinely recoverable under English law in London arbitration. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

13. Plaintiff estimates, as nearly as can be computed presently, these additional damages and costs to be $193,054.71, consisting of interest in the sum of $95,554.71 (calculated from the time the claim arose until January 2010 to include the estimated time frame within which arbitration will be completed), and $97,500.00 in estimated U.K. counsel fees, costs, and arbitrators' fees which will be incurred in conjunction with the London arbitration, and which are recoverable there.

14. Based upon the foregoing, therefore, the total sum sought to be attached in this action with respect to Plaintiff's claims is $443,032.79.

15. For its part, Plaintiff has satisfied and performed all of its obligations under the terms of the Charter.

### THE RELATIONSHIP BETWEEN HAREC AND IGEN

16. Upon information and belief, defendant Igen Sea Shipping has no independent existence, corporate or otherwise, as an entity entitled to limited liability under Pakistani law. The Securities and Exchange Commission of Pakistan ("SECP"), which is the regulatory body that maintains a single register for all Registered Companies in Pakistan under the Companies Ordinance, 1984 -- whether they be private, public or publicly listed -- does not have any record or listing under the name "Igen Sea Shipping."

17. Upon information and belief, to be entitled to limited liability under the Pakistani Companies Ordinance, an entity is required to include the word "Limited" in its company name, Furthermore, private limited companies under the Pakistani Companies Ordinance (i.e., those limited to no more than 50 shareholders), are required to include the word "Private" in their company names. Neither the words "Limited" nor "Private" appear in the Igen Sea Shipping name on the Charter executed for the Vessel or on business letterhead that Plaintiff has received from Igen

Sea Shipping or on the name plate next to the door where Igen's "place of business" is allegedly located.

18. Upon information and belief, there is no record in the database of National Tax Numbers maintained by the Government of Pakistan's Central Board of Revenue ("CBR") to indicate that an entity named "Igen Sea Shipping" is registered as an income tax assessee in Pakistan.

19. Upon information and belief, the business address given in the Charter for Igen Sea Shipping at Iftikhar Chambers, Hasrat Mohani Road, Karachi, Pakistan shows no evidence of a "going business concern " being conducted at that location. Although there is (or was) an "Igen Sea Shipping" name-plate near an office door in the commercial building located at this address in Karachi, visits paid to these premises during normal business hours revealed the office to be shuttered, padlocked and in a condition demonstrating that it had not been opened in a long while. Inquiries with the building's caretaker and with two other tenants in nearby offices in the same building indicated that they had never seen the purported Igen Sea Shipping office open at any time.

20. Upon information and belief, the name Igen Sea Shipping is no more than a sham through which defendant HAREC conducts its business.

21. Upon information and belief, the sole purpose of Igen Sea Shipping is to act as the "chartering arm" of defendant HAREC and Igen Sea Shipping has no separate independent identity apart from HAREC.

22. HAREC dominates and controls Igen Sea Shipping and conducts the latter's business operations as if they were HAREC's own, such that HAREC is Igen Sea Shipping's alter ego and vice versa.

23. Upon information and belief and, in the alternative, the name Igen Sea Shipping has been used and interposed by HAREC as a trade or fictitious name as an artifice to divert and defraud lawful creditors of HAREC and is an attempt to improperly insulate HAREC from debts incurred for its ultimate benefit.

24. It is not general commercial practice in the maritime industry, or anywhere else, for independent companies to make large payments on behalf of other independent companies on contracts to which the former are not a party.

25. Upon information and belief, HAREC has made freight, partial demurrage and brokerage commission payments, and has paid port expenses with respect to the Vessel under the Charter at issue, even though, under the terms of the contract, those obligations rest upon Igen.

26. Upon information and belief, HAREC directed that payments allegedly due from Plaintiff to Igen under the Charter be paid to a bank account in Karachi whose beneficiary was stated to be Hassan Ali Rice Export Co.

27. Upon information and belief, HAREC has accepted, without reservation or any indication that it was acting solely in a representative capacity, communications with respect to the operation of the Vessel as though it was, in fact, the charterer of the Vessel instead of Igen Sea Shipping.

28. Upon information and belief, and in the alternative, HAREC acted as an undisclosed or partially disclosed principal in the charter parties entered into by Igen Sea Shipping , such that HAREC was a party thereto and assumed the liabilities thereof, and is obligated for breaches of that Charter.

29. Upon information and belief, and in the alternative, HAREC and Igen Sea Shipping were partners and/or joint venturers in the Charter such that HAREC is liable for debts arising out of the Charter.

## RULE B ALLEGATIONS

30. Upon information and belief, and after investigation, the Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, annexed to the Federal Rules of Civil Procedure, but upon information and belief Defendant has, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendant (hereinafter "Assets"), moving through garnishee banking institutions including but not limited to ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Deutsche Bank AG; HSBC Bank USA NA; JP Morgan Chase Bank; Standard Chartered Bank; UBS AG and/or Wachovia Bank.

31. The Plaintiff seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure Plaintiff's claims as described above.

WHEREFORE, Plaintiff prays:

a. That process in due form of law according to the usual practice of this Court may issue against Defendant citing it to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendant in the principal amount of the claim plus interest, costs and attorneys' fees;

b. That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching and restraining all Assets of Defendant in an amount up to and including the sum of $443,032.79 including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant including, but not limited to such Assets as may be held, received or transferred in their own name or as may be held, received or transferred for their benefit at, moving through, or within the possession, custody or control of the said afore banking institutions including but not limited to ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Deutsche Bank AG; HSBC Bank USA NA; JP Morgan Chase Bank; Standard Chartered Bank; UBS AG and/or Wachovia Bank and/or any other garnishee(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the aforesaid London arbitration; and

d.  For such other and further or different relief as this Court may deem just and proper in the premises.

Dated:  New York, NY
        February 5, 2008

                                        BURKE & PARSONS
                                        Attorneys for Plaintiff
                                        CNAN Group S.p.a.

                                    By  /s/ Keith W. Heard
                                        Keith W. Heard (KH-8578)
                                        100 Park Avenue
                                        New York NY  10017-5533
                                        (212) 354-3800

# VERIFICATION

STATE OF NEW YORK     )

COUNTY OF NEW YORK    )

Keith W. Heard, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Burke & Parsons, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. This Verification has been made by deponent and not by Plaintiff because Plaintiff is a foreign corporation, and has no officers or directors within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Keith W. Heard

Sworn to before me this
5TH day of February, 2008.

_____
Notary Public

Penny S. Martinez
Notary Public State of New York
No. 01MA4865021 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 29 September 2010

8974_001c.doc