Keith W. Heard (KH-8578)
Michael J. Walsh (MW-6578)
Burke & Parsons
100 Park Avenue
New York NY 10017-5533
(212) 354-3800

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/2008
```

JUDGE CROTTY

08 CV 1201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CNAN GROUP S.P.A.,

                       Plaintiff,

-against-

HASSAN ALI RICE EXPORT CO. d/b/a
IGEN SEA SHIPPING,

                       Defendant.

*EX PARTE* ORDER
FOR PROCESS OF
MARITIME ATTACHMENT

---

    WHEREAS, plaintiff CNAN Group S.p.a. filed a Verified Complaint herein for damages amounting to $443,032.79 inclusive of interest, costs and reasonable attorneys' fees, and praying for issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and

    WHEREAS, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Defendant's property within the District of this Court; and

    WHEREAS, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist, it is hereby

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendant by any garnishees within this District, including but not limited to ABN Amro; American Express Bank; Bank of America NA; Bank of New York; Citibank; Deutsche Bank AG; Habib Bank Ltd., HSBC Bank USA NA; JP Morgan Chase Bank; Standard Chartered Bank; UBS AG, and/or Wachovia Bank or others, including but not limited to, electronic transfers originated by, payable to, or otherwise for the benefit of Defendant whether to or from or moving through the garnishee banks or any other electronic fund transfers, in an amount of up to $443,032.79 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that any person claiming an interest in the property attached or garnished pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at which Plaintiff shall be required to show why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED**, that supplemental process specifying other or additional garnishees enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED**, that following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including email, to each garnishee so personally served and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**ORDERED**, that service on any garnishee as described above is deemed to be effective and continuous service throughout the day from the time of such service through the opening of the garnishee's business the next day or next business day; and it is further

**ORDERED**, that pursuant to Federal Rules of Civil Procedure 5(b)(2)(D), each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED**, that a copy of this Order be attached to and served with the said Process of Maritime Attachment and Garnishment.

Dated:   New York NY
         February 11, 2008

SO ORDERED:

_____
U.S.D.J.
