# ABRAHAM & SARWANA

*ADVOCATES, SOLICITORS, COUNSELLORS AT LAW*

Mezzanine Floor, PIDC House
Dr. Ziauddin Road
Karachi 75530
PAKISTAN

Tel: (92 21) 568 7360, 568 7370
Email: abrahams@cyber.net.pk
Fax: (92 21) 568 7364, 5871102

Keith W. Heard (KH-8578)
Michael J. Walsh (MW-6578)
Burke & Parsons
100 Park Avenue
New York NY  10017-5533
(212) 354-3800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CNAN GROUP S.P.A.**,<br><br>                                    **Plaintiff,**<br><br>            -against-<br><br>**HASSAN ALI RICE EXPORT CO. d/b/a IGEN SEA SHIPPING,**<br><br>                                    **Defendant.** | **OPINION OF**<br><br>**ABDUL RAHMAN BUTT IN OPPOSITION TO MOTION TO VACATE ATTACHMENT**<br><br>**Electronically Filed**<br><br>**08 CV 1201 (PAC)** |

REPUBLIC OF PAKISTAN

CITY OF KARACHI

ABDUL RAHMAN BUTT, declares and states as follows:

1.  I am 59 years old and have worked since 1973 as an advocate. I am a senior associate of M/S Abraham & Sarwana, Advocates, a leading law firm in Karachi Pakistan for over 24 years.

2.      I graduated from the University of Karachi in the year 1969 and obtained my law degree also from the same university in the year 1972.  I am in practice as an

advocate in the district court of Karachi, Sindh since the year 1973 as well as in the Sindh High Court (Appeal Court) at Karachi, Pakistan since the year 1979.

3.  I submit this opinion on the instructions of the firm's clients, CNAN GROUP S.P.A.("CNAN"), and their London solicitors, Thomas Cooper.

4.  I am asked about the validity of assertions of law made in the declaration dated 9 July 2008 of Abdul Rahman, Chartered Accountant, an associate of the firm providing litigation support and in reply I can confirm that the assertions reflect the position under Pakistani law and, in particular, the Income Tax Ordinance 2001.  In addition, I would like to point out that, if Igen Sea Shipping ("ISS") is a sole proprietorship doing business in Pakistan without a National Tax Number, that means one of two things:  (a) either ISS has never earned sufficient income such that it would owe tax to the Government, despite the very low threshold at which tax becomes due, or (2) ISS has earned money on which tax is or was due but ISS has elected not to pay said tax, in violation of the law.

5.  I am further asked whether ISS (alleged sole proprietor Mr. Aziz Ashiq Ali , son of Ashiq Ali Karim) could be considered to be acting as a front for and on behalf of Hassan Ali Rice Export Company ("HAREC")( proprietor Mr. Abdullah A, Hashwani son of Mr. Akbar Ali Hashwani ) i.e. ISS is the "benami" of HAREC in the facts and circumstances of this case :  Under Pakistani law, the term "benami" is used to denote a transaction which is really done by a person without using his own name but in the name of another.  Under the concept of benami, the actor behind the scenes, as it were, is liable on the transaction just as if it had been concluded in his own name.

6.  The source of the following information is the investigative work done by Abraham & Sarwana and in particular by Mr. A. Rahman, as recorded in his declaration mentioned in para. 4 above.

   1). ISS is not a company as defined in Pakistan law

   2). ISS has no National Tax Number

   3).ISS's purported office at Iftikhar Chambers is a 6'x4' kiosk, padlocked shut, which no-one can recall seeing open.   It no longer has a name plate.

The sources of the following information are the declarations of Vivek Jain and Thomas Alan Moisley, which I have seen:

   4). ISS is allegedly owned by Mr Aziz Ashiq Ali, son of Ashiq Ali Karim. However, Mr Aziz Ashiq Ali has told Mr. Jain that he works for HAREC.

      5). HAREC accepted delivery at their Cotton Exchange address of a DHL package addressed to ISS at the Iftikhar Chambers address. It was signed for by someone as "Aziz".

      6). When the Karachi ship's agent Oceanworld (Pvt) Ltd was asked by Thomas Cooper for the telephone number of ISS, they gave Thomas Cooper a number that is listed as belonging to HAREC.

      7). HAREC paid all the freight and port disbursements under the c/p nominally entered into by ISS.

      8). GETMA, the French port agents whose local office in Conakry was appointed to act as port agents for the discharge of the cargo shipped by HAREC on the vessel nominally chartered by ISS, have stated that HAREC are their principal.

      9). HAREC were the shippers and the party that stood to benefit from the sale and carriage of the rice in this case. I have seen no evidence that ISS benefited in any way, apart from a suggestion made by Mr Hashwani that he paid ISS a commission. No evidence of that payment has been produced.

7. From the above, it appears that HAREC is using ISS as a device to avoid liabilities as a charterer by interposing ISS as a charterer between itself and the owners. Accordingly, and under the concept of "benami" as it exists in Pakistani law, I believe a court in this country would conclude that HAREC is liable for any debts incurred in favour of CNAN by ISS.

8. Under Pakistani law, an agency need not be created expressly by any written instrument and can be inferred from the circumstances and the conduct of the parties. On the basis of the above facts, it can also be reasonably inferred under our law that ISS is acting as an agent for HAREC.

9. In light of the above, I am of the opinion that as a matter of Pakistani law the Plaintiff has made out a good prima facie case for grant of injunction preventing HAREC from dissipating its assets, pending resolution of the claims asserted by CNAN.

                                                  ABDUL RAHMAN BUTT

Karachi, Pakistan: Dated: July 10, 2008